# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LEONORILDA ALZAMORA,**

     **Plaintiff,**

**-vs-**             **Case No.  6:13-cv-1338-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

     **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument[1] on review of the Commissioner's

decision to deny Plaintiff's applications for a period of disability, Social Security Disability Insurance

("SSDI") and Supplemental Security Income ("SSI") benefits.  For the following reasons, the

administrative decision is **REVERSED** and the matter is **REMANDED** for additional proceedings

in **strict** compliance with this Order.

## Procedural History

The course of this case has been exceptionally long and complex.  For present purposes, the

following history is pertinent.

*The 2004 applications*

Plaintiff protectively filed applications for a period of disability, SSDI and SSI benefits on

January 23, 2004, alleging disability commencing on January 6, 2003 (R. 14). The claims were denied

initially and upon reconsideration.  Plaintiff requested a hearing which was held before an ALJ (R.

14-15). On January 22, 2007, the ALJ found Plaintiff not disabled and issued a notice of unfavorable

decision (R. 15).  Plaintiff requested review of the hearing decision, and the Appeals Council denied

---

[1]Although Plaintiff requested argument, error is plain on the face of the record, obviating any need for argument.

the request for review.  Plaintiff appealed that decision to the United States District Court for the District of New Jersey and on December 15, 2008, that Court reversed and remanded Ms. Alzamora's case for further administrative proceedings.  The Appeals Council then entered an order remanding her case back to an ALJ.

*The 2007 applications*

While Plaintiff's appeal was pending, she filed new applications with the Social Security Administration on October 30, 2007, alleging disability commencing on January 23, 2007 (R. 138-142).  The claims were denied initially and upon reconsideration (R. 87-92, 95-100). Plaintiff requested a hearing before an ALJ. While this request was pending, the Appeals Council remanded the original application back to an ALJ for further proceedings (R. 14). The Appeals Council consolidated the claims and ordered the ALJ to issue a new decision on the associated claims.

A second hearing was held on August 27, 2009, before ALJ Joel H. Friedman (R. 25-82, 427-502).  On March 18, 2010, the ALJ issued his notice of unfavorable decision (R. 11-23, 531-543). Plaintiff requested review of the hearing decision. On May 9, 2011, the Appeals Council denied the request for review (R. 1-5, 526-530). Plaintiff appealed that decision to the United States District Court for the Middle District of Florida, and on March 1, 2012, this Court reversed and remanded Ms. Alzamora's case for further administrative proceedings (R. 523-524).

*The 2010 applications*

While Plaintiff's appeal was pending, she filed new applications with the Social Security Administration, alleging disability commencing on March 19, 2010 (R. 621-630). While this application round was pending at the hearing level, the Appeals Council remanded the original application back to an ALJ for further proceedings (R. 514-518). The Appeals Council consolidated the claims and ordered the ALJ to issue a new decision on the associated claims (R. 517).

-2-

Plaintiff appeared at her third administrative hearing by video teleconferencing before ALJ William H. Greer on April 5, 2013 (R. 406, 945-978). On June 27, 2013, the ALJ issued his notice of unfavorable decision (R. 403-426). Plaintiff waited sixty-one days for the ALJ's decision to become the final decision of the Commissioner and this appeal followed (Doc. 1).

The parties consented to the jurisdiction of the United States Magistrate Judge.  The matter has been fully briefed and is ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims she has been disabled due to back pain, hypothyroidism, depression, and migraine headaches (R. 155).

*Summary of Evidence Before the ALJ*

At the time of the current decision under review, Plaintiff was 44 years old (R. 138, 403), with a high school education, and past relevant work experience as an assistant manager at an insurance company, order entry supervisor in the garment industry, and babysitter (R. 156, 160).

The medical evidence relating to the pertinent time period is detailed in the ALJ's opinion. In the interest of privacy and brevity, it will not be repeated here, except as necessary to address Plaintiff's objections.  In addition to the medical records of the treating providers, the record includes the testimony of both Plaintiff and a Vocational Expert ("the VE"); the opinions of consultative examiners and state agency consultants; and written forms and reports completed by Plaintiff.

By way of summary, the ALJ determined that Plaintiff had the following severe impairments: disorder of spine, migraine headaches, obesity, gastritis, history of carpal tunnel syndrome and fibromyalgia (20 CFR 404.1520(c) and 416.920(c) (R. 409); and the record supports this uncontested finding.  The ALJ found that the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix

1 (R. 411-412).  The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is able to sit up to 7 hours per day but would need to get up once every hour; stand or walk for up to 3 hours in an 8-hour workday for up to 15 minutes at a time. She can lift up to 10 pounds occasionally and up to 5 pounds frequently. She is able to occasionally bend, stoop, crouch, kneel or climb stairs but is precluded from crawling or climbing ladders, ropes or scaffolds. She is able to reach occasionally above shoulder level. She is not [to] work around unprotected heights; no work around moving or hazardous machinery or driving or [sic] motorized vehicles.

(R. 412).

The ALJ determined that Plaintiff could return to her past relevant work (R. 420), and therefore, the ALJ found Plaintiff was not disabled (R. 421).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable

-4-

as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, Plaintiff raises due process concerns regarding the completeness of the record and challenges the ALJ's findings at steps one through three. Specifically, Plaintiff contends that: 1) the Commissioner violated her right to an in person hearing by holding the hearing via video-conference, despite her objection; 2) the ALJ failed to comply with the District Court's Remand Order and the Appeals Council's Remand Order to compile a complete record; 3) the ALJ failed to apply the correct legal standards to the opinion of Plaintiff's treating physician, Dr. Stockhammer; and 4) the ALJ erroneously found that Plaintiff engaged in substantial gainful activity from January 1, 2004 through

August 31, 2012. Upon review, while the Court does not agree with all of these contentions, it nonetheless finds that errors of law are present and remand for additional proceedings is required.

*The Request for an In-person Hearing*

Plaintiff contends that she objected in writing to appearing by video-teleconferencing and requested an in person hearing before the ALJ, but "[f]or some reason, the record submitted by the Commissioner does not include the request which was received by the Jacksonville hearing office on February 21, 2013." (Doc. 22, p. 11). Plaintiff attaches a copy of the letter to her brief. Plaintiff claims her due process rights were violated as the ALJ "ignored" her request and "required" her to appear by video conference, in violation of 20 C.F.R. §404.936(e).[2] Plaintiff argues that this is "not an isolated instance" and claims that there are several other pending cases where requests for in person hearings were denied. Plaintiff seeks a holding that the failure to give her the in person hearing she requested is a violation of her due process rights.

For her part, the Commissioner does not dispute that Plaintiff sent a letter to the Jacksonville office, but notes that: "This letter is not contained in the certified administrative record" (Doc. 26, p. 3, fn. 2). The Commissioner surmises that: "This letter may not have reached the ALJ, because on March 22, 2013, a reminder notice was sent to Plaintiff and her representative that instructed Plaintiff to notify the hearing office of her plans to attend the hearing (R. 584)." Even so, the Commissioner asserts that any error is harmless, as the proceedings were full and fair and no prejudice resulted. It seems that the Commissioner seeks a holding that a showing of prejudice must be made before a Court

---

[2]20 C.F.R. § 404.936(e) which deals with the "Time and Place for a Hearing before an Administrative Law Judge" provides in pertinent part:

*Good cause for changing the time or place*. If you have been scheduled to appear for your hearing by video teleconferencing and you notify us as provided in paragraph (d) of this section that you object to appearing in that way, the administrative law judge will find your wish not to appear by video teleconferencing to be a good reason for changing the time or place of your scheduled hearing and we will reschedule your hearing for a time and place at which you may make your appearance before the administrative law judge in person.

-6-

can determine that a claimant's rights of due process were violated to such a degree that the case should be remanded for reconsideration and further development of the record.

The Court finds that the state of this record does not provide an appropriate foundation for reaching the ultimate question of whether or not an ALJ must comply with 20 C.F.R. § 404.936(e), as there is no showing that the ALJ even knew that a request for an in person hearing had been made. If, as the Commissioner contends, the ALJ never received the request (a conclusion supported by the absence of the letter from the administrative record), the ALJ could not have reviewed it. The record does not support a finding that the ALJ "ignored" a request he did not receive, let alone that this was part of a systemic plan to disregard all similar requests.

Moreover, the issue of whether the ALJ's "error" was harmless does not arise from these facts. There is no evidence that the ALJ *denied* the request. Rather, the ALJ apparently did not know the request had been made. In such a scenario, the ALJ could not have erred as he did not have the *opportunity* to err. The Court cannot issue advisory opinions and the limited scope of this Court's review precludes a presumption that, if the ALJ had known about the request, he would have denied it. Put simply, the Court cannot opine as to whether an error that did not occur would be harmless.

The only conclusion supported by this record and the parties' papers is that Plaintiff made a written request/objection to the video-conference hearing which, for some unknown reason, was not received or considered by the ALJ. As the regulation contemplates that the ALJ will act upon such a request, the appropriate remedy is to remand the matter to allow the ALJ to consider (and act upon) the request in the first instance.

### *The Contention that the Record is Incomplete*

Remand is also warranted due to the ambiguous state of the administrative record. As set forth in the parties' briefs, the matter was previously remanded for additional evaluation and for compilation or reconstruction of a *complete* record, including the records pertaining to the 2004

claims, which could not be located at that time (R. 523-524).  The Appeals Council noted the "missing

file(s)," and directed: "Upon remand, the Administrative Law Judge will reconstruct the missing

portions of the January 23, 2004 file(s). He will compile a complete record with all evidence formally[3]

considered." (R. 516-517).

The ALJ did refer to a "reconstructed paper file" in his decision (R. 414), noting "the attached

paper file has reconstructed missing portions of the January 23, 2004 file" (R. 421).  There is no paper

file identified as such attached to the opinion, however.  According to Plaintiff, the "attached paper

file" the ALJ referred to was entered into the administrative record as Exhibit 18F (R. 803-942),

although the Court cannot find a basis for this assertion. Assuming the Plaintiff to be correct, these

records are duplicates of medical exhibits that were already entered into the record.

Plaintiff contends that the ALJ failed to reconstruct the missing portions of the file in that the

administrative transcript "does not contain any information related to Ms. Alzamora's 2004

applications, including the ALJ's decision, the Appeals Council's denial and the New Jersey District

Court's decision." (Doc. 22, p. 19).   In response to this assertion, the Commissioner filed a

supplemental transcript (Doc. 24, 25).  In her brief, the Commissioner explained:

> The transcript citations to the documents relating to Plaintiff's 2004 applications are
> **now** contained in the second supplemental transcript, certified on April 9, 2014. Doc.
> 24. Plaintiff's 2004 application for disability insurance benefits can be found at
> transcript pages 1050-1052, and the initial and reconsideration denials at pages
> 1021-1022. Plaintiff's March 2005 hearing request is at transcript 1035, and the
> hearing decision is at transcript pages 1016-1020. Plaintiff's request for review of the
> hearing decision is at transcript page 1011, and the Appeals Council denial of her
> request is at transcript pages 1008-1010. The December 15, 2008, remand order from
> the United States District Court for the District of New Jersey is at transcript pages
> 998-999, and the Appeals Council order implementing the court's order is at transcript
> pages 994, 996-997.

(Doc. 26, p. 2 emphasis added).

---

[3]The Court suspects that this may be a typographical error in that the word "formerly" fits the context of the sentence.

The Commissioner contends that Plaintiff's argument "has been rendered moot because the agency has produced the documents in question, which are ***now*** contained in the second supplemental transcript." (Doc. 26, p. 6 emphasis added).

The Commissioner admits that the missing portions of Plaintiff's 2004 file were not included in the transcript that was certified on November 6, 2013, but are "now" contained in the second supplemental transcript, certified on April 9, 2014 (Doc. 26, p. 11).  This, of course, begs the question as to whether or not the ALJ had the 2004 records before him at the time of his decision.  In the November 6, 2013 certification accompanying the initial record filed in this matter, the Chief of the Court Case Preparation and Review Branch certified that the filed record "constitute[s] a full and accurate transcript of the entire record of proceedings relating to this case" (Doc. 16, p. 1).   If this is so,[4] and the 2004 records are not included in that "entire record," it appears that the ALJ did not comply with the remand Orders.[5]

Although the records are "now" produced, that does not moot the matter.  The material was to be reconstructed for the use and consideration of the decision-maker ALJ, not for the convenience of the Court on review.  As it appears that the ALJ did not compile or reconstruct the complete record, as directed, it stands to reason that he could not have considered or reviewed these materials. As such, the administrative decision must be reversed and the matter remanded for consideration of the

---

[4]As a practical matter, it appears that this is not so, as the Commissioner filed a Supplemental transcript, consisting of the Transcript of the Oral Hearing, dated April 5, 2013, "which was omitted from the administrative record." (Doc. 17, p. 1).

[5]The supplemental certification notes only that the "material annexed hereto" are true and exact copies, and  "[s]uch material further supplements the administrative records previously certified by the undersigned on November 6, 2013 and November 26, 2013." (Doc. 25, p. 1).

applications in the context of the completed record.[6] This conclusion renders consideration of the remaining contentions premature, if not moot.[7]

## Conclusion

For the reasons set forth above, the administrative decision is **REVERSED** and the matter is **REMANDED under sentence four of 42 U.S.C. § 405(g)**, for: 1) consideration of and action on the Plaintiff's objection/request to appear in person at hearing; 2) consideration of the applications in the context of the entire record, including the newly supplemented materials and any in person hearing that may be held; and 3) such other proceedings as may be deemed necessary and proper by the Commissioner in order to arrive at a **final** administrative decision. In view of the extraordinary length of time the proceedings have taken to date, the Commissioner is **directed** to use all reasonable efforts to expedite the conclusion of this matter.

The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on December 22, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[6]Although Plaintiff urges the Court to reverse for an award of benefits, such is not warranted here. Remand for an award of benefits is appropriate only where the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). That standard is not met here.

[7]As a practical matter, the Court notes that any error or ambiguity in evaluating the treating physician's opinion can be rectified or clarified on remand.

-10-